IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:26-CR-00192 |
| | ) | |
| | ) | JUDGE FRENSLEY |
| MIGUEL DE LA ROSA | ) | |
| | ) | |

**UNITED STATES' MOTION FOR DETENTION HEARING AND FOR DETENTION OF THE DEFENDANT**

COMES NOW the United States of America by Braden H. Boucek, United States Attorney, and Alex P. Bergida, First Assistant United States Attorney, and moves this Court for a detention hearing and for detention of the Defendant in this matter.

In this case, the defendant is charged with aiding and abetting the sale of methamphetamine in violation of 18 U.S.C. § 2, selling methamphetamine in violation of 18 U.S.C. § 841, and unlawful transfer of firearms in violation of 18 U.S.C. § 924(h). Federal law states that "the judicial officer *shall* hold a hearing to determine whether any conditions or combination of conditions…will reasonably assure…the safety of any other person and the community – upon motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves…an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act…"18 U.S.C. § 3142(f)(1)(C).

Further, the United States submits that, pursuant to 18 U.S.C. § 3142(e)(3)(A), a rebuttable presumption exists that no condition or combination of conditions will reasonably assure the appearance of the person or the safety of the community because probable cause exists that the defendant committed an offense for which the maximum penalty is more than ten years pursuant

to the Controlled Substances Act. The Government would rely on the presumption at the detention hearing.

The United States submits that at a hearing in this matter, it would establish that on or about July 15, 2026, the Defendant, Miguel De La Rosa, facilitated the sale of approximately 115 grams of methamphetamine to an undercover ATF agent. De La Rosa was given a brokerage fee of $100 for contacting his unidentified co-defendant and setting up the sale. On that same date, De La Rosa was informed that the undercover ATF agent, purchased firearms to transport to Texas where they would eventually be brought to Mexico. De La Rosa remained in contact with a confidential informant working with the undercover ATF agent and offered to assist in procuring weapons to be transported to Texas and Mexico. The United States would further establish that on July 28, 2026, the Defendant, Miguel De La Rosa, sold a Smith and Wesson, .40 caliber handgun to the undercover agent after learning the purpose of the firearms.

With the presumption and the dangerous drugs trafficked in this case, United States submits that the evidence of dangerousness is strong. Based on these aforementioned facts that the United States intends to show at the hearing in this matter, the United States respectfully submits that "no condition or combination of conditions will reasonably assure the appearance of the person and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

The United States respectfully requests a continuance of three business days in order to adequately prepare for the hearing in this matter.

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney

By:

*/s/ Alex P. Bergida*
Alex P. Bergida
Assistant United States Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
(615) 736-5151
Alex.bergida@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed with the United States District Court Clerk via CM/ECF, which will send a Notice of Filing to all attorneys of record, on August 21, 2026.

*/s/ Alex P. Bergida*

ALEX P. BERGIDA